UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

        Plaintiff,

  -against-                          S-2 15 Cr. 174 (LGS)

CARLOS ALBERTO VALLADARES GARCIA,
I/H/A CARLOS ALBERTO VALLADARES ZUNIGA

        Defendant.

------------------------------------------------------------X

**SENTENCING MEMORANDUM**

Respectfully submitted:

Neil B. Checkman, Esq.
115 Broadway, Suite 1704
New York, NY 10006
(212) 264-9940
Neil@checkmanlaw.com

To:  Hon. Lorna G. Schofield
     United States District Judge
     Southern District of New York
     40 Foley Square
     New York, NY 10007

     Clerk of the Court
     United States District Court
     Southern District of New York
     40 Foley Square
     New York, NY 10007

     Hon. Geoffrey S. Berman
     United States Attorney
     Southern District Of New York
     One St. Andrews Plaza
     New York, NY 10007
     Att: A.U.S.A.s Emil Bove and Matthew Laroche

August 18, 2018

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

          **Re: United States v. Carlos Valladares Garcia, i/h/a Carlos Valladares**
              **S-2   17 Cr. 651 (VM)**

Dear Judge Schofield:

    The following constitutes Carlos Valladares Garcia's Sentencing Memorandum:

**Offense of Conviction**

    On April 24, 2018, Mr. Valladares entered pleas of guilty before Hon. Stewart P. Aaron, to Counts One and Three of the above-referenced Indictment, charging him with a violation of 21 U.S.C. §§ 959(c)(2014) and 963, and 18 U.S.C. §3238, and 18 U.S.C. §924(o) and 18 U.S.C. §3238.

**Legal Standard at Sentencing**

    "The [sentencing] statute, as modified by Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing...'" Kimbrough v. United States, 552 U.S. 85,101 (citing, 18 U.S.C.§3553(a)); United States v. Booker, 543 U.S. 220 (2005).

    After the Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant," (18 U.S.C.§3553(a)(1)) the Court is directed by the statute to consider "the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

      (C)    to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;..." 18 U.S.C. §3553(a)(2).

The sentencing Court, after reviewing the pre-sentence report, should consider the arguments of counsel for the defendant and the government as to whether or not the guidelines should apply. "In determining the merits of those arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." United States v. Rita, 551 U.S. 338, 351 (2007), citing, United States v. Booker, 543 U.S. at 259-260 (2005).

While beginning with the guidelines calculation as an initial starting point, the sentencing court must recognize that the guidelines are "not the only consideration", and must then "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable." United States v. Gall, 552 U.S. 38, 49-50 (2007) see also, Rita, 551 U.S. at 351.

Instead, the sentencing Court has the discretion to conclude that a guidelines sentence reflects an unsound judgment because it fails to reflect § 3553(a) considerations, does not treat the defendant's history and characteristics in the proper way, or that a different sentence is appropriate under the unique circumstances in each case, (See, Rita, 551 U.S. at 357)

**History and Characteristics of Carlos Valladares Garcia**

Carlos was born Carlos Alberto Valladares Garcia on April 29, 1975, in Honduras, to the union of Gregorio Valladares, who passed away at age 44 when Carlos was only 5 years old, and Herminia Garcia, age 75. The defendant has six siblings, Ronaldo Valladares, age 55, Noel Valladares, age 54, Alba Valladares, age 52, Edna Valladares, age 50, Gerardo Valladares, age 47, who suffers from Cerebral Palsy since the age of 3 days old, and Angelica Valladares, age 42. His maternal half-brother, Jose Luis Gradis, was 29 years of age when he was murdered.

Carlos Valladares is a citizen of Honduras who voluntarily came to the United States to surrender on the instant charges.

Mr. Valladares reports that his father drowned when Carlos was only five years old. His mother remarried when Carlos was eight to Miguel Gradis. The couple separated two years later. Carlos' father left the family land and Carlos' mother worked there as a farmer. The family struggled for money, and the defendant and his siblings had to work from an early age to provide food and clothing for the family. Some of the children could not continue on in school.

Hon. Lorna G. Schofield
August 18, 2018
Page 4

Mr. Valladares had no reliable male father figure in his life, and this continues to hurt him. This precipitated Carlos leaving his mother's house at age 12, to go to school in another town. He lived there with one of his mother's friends. At age 14, he left that house to continue his studies and has lived on his own since age 14.

In 2013, Carlos married Ela Patricia Ramos-Bustillo, age 33, an attorney, and the couple has three children: C. Valladares, age 13, A. Valladares, age 12, and C. L. Valladares, age 3.

Previously, Mr. Valladares had a one-year relationship with Ana Zapata, age 34 and the couple has a child named C. X. Valladares, age 14.

The defendant had a year and one-half relationship with Sandra Rodriguez, age 48, and he fathered a child named Maria Jose Rodriguez, age 22, with whom he no longer has contact.

**Substance Abuse**

Mr. Valladares reports that he used cocaine from 1999 to 2001 at least once per week. He voluntarily stopped using the drug. Mr. Valladares reports drinking alcohol socially since he was eighteen years of age.

**Education**

In 1993 Carlos received a high school diploma from "Instituto Central Vicente Caceres" in Honduras. In 2006, he obtained a Bachelor's Degree in Social and Judicial Sciences from the "Universidad Nacional Automa de Honduras". In 2011, he graduated from "Universidad de la Policia Nacional de Honduras" with a degree in Criminal Investigation.

**Employment**

Carlos started working at age 6, carrying water, fire-wood, and taking food to the farm's workers. At age 12, he worked selling fire-wood. From age 14 to 16, he worked in carpentry and at a bricks company, until he finished school.

From September 1995 to 2014, he worked as a police officer with the Honduran National Police Force. He ended his police service as a Police Inspector. After he left the police force he worked at a law firm owned by Kenneth Araus where he was allowed to practice for two years without paying rent.

**Carlos Alberto Valladares Garcia's Letter of Contrition**

Hon. Lorna G. Schofield
August 18, 2018
Page 5

Attached as Exhibit "A" is a letter of contrition from Carlos Valladares.  Mr. Valladares understands that through his actions, he involved himself criminally with dangerous people, and that once he started on that road, he could not safely turn back.  Carlos deeply regrets getting involved with Leonel Rivera and his co-conspirators.  Carlos, over the past year has reflected on what he has done, and how he has left his extended family without their principle means of support and protection.

**Letters in Support**

Attached as Exhibit "B" there are letters from Mr. Valladares' wife, his mother, three of his siblings, and two of his children.  The letters are moving and speak for themselves. Counsel has included a photograph of Mr. Valladares' mother, Petrona and his brother Gerardo, who has suffered from Cerebral Palsy his entire life.  Also attached is a letter from Carlos' niece, Karen Valladares.  She calls her uncle Carlos "the father I never had" after her own father abandoned her family.  The Carlos Valladares that Karen tells us about, has taught her "how to be a good person, instilling in [her] the values of respect, empathy, honesty, kindness, humbleness, etc."  Also attached are four letters from people who know Carlos Valladares either from work or socially.  (All of the letters and certificates from Honduras were written in Spanish, however counsel has had them translated for the convenience of the Court and the Government.)

**Adjustment to Incarceration**

As the Court may well be aware, the MCC does not have many programs available for the inmates that are housed there.  There is little time and space for exercise, nor is there much opportunity for fresh air.  Despite this, Carlos Valladares has endeavored to make his confinement constructive.  He has had no disciplinary infractions whatsoever. Instead, he has participated in whatever programs were made available to him.  Attached, as Exhibit "C", is a letter dated September 25, 2017 from Antonio Hendrickson, Founder and CEO of Lead By Example and Reverse the Trend, a self improvement and violence prevention program.  The letter states that Carlos Valladares completed an eight week course with his program.  Attached with that letter is a Certificate of Completion dated September 12, 2017.

In addition, Mr. Valladares has earned the following additional certificates since his incarceration:

Certificate of Achievement - for completion of American Studies/Independent Studies dated June 4, 2018;

Certificate of Completion- Marine Life issued on July 5, 2018;

A Diploma from Las Escuelas Fuente de Luz for completion of Bible Studies in March, 2018 with honors (GPA 97)

Hon. Lorna G. Schofield
August 18, 2018
Page 6

Certificate of Completion- Corporate Skills: Bookkeeping dated July 6, 2017.

Counsel is including in this attachment an Inmate Education Data Transcript showing an additional completed course in Inside Out Parenting on August 15, 2017, and an Inmate Work performance Rating evaluating him from December 1, 2017 through February 23, 2018 which clearly indicates that his performance has been **"outstanding"**.

**Sentencing Recommendation**

Carlos Valladares made the terrible mistake of doing favors for the people who controlled drug trafficking with the active assistance of the Government of Honduras. Once he began, there was no turning back. It is clear that if he did not continue to work with Leonel Rivera and his associates, he would have been deemed a security risk and murdered. He accepts his responsibility for his criminal actions. He has entered a plea with a mandatory minimum of five years in jail.

Counsel has reviewed the Second Disclosure and Recommendation of the Probation Service which calls for a guidelines sentence. We respectfully disagree with their recommendation.

I respectfully ask this Court to consider sentencing Carlos Valladares to a sentence of 60 months incarceration. I believe that Carlos has learned a bitter lesson.

I believe that a sentence of 60 months (five years in jail), under the unique circumstances of this case, will be sufficient, but not greater than necessary to promote respect for the law and provide a just punishment, given what Carlos and his family have already suffered. I ask the Court to understand that his situation is both unique and compelling.

Very truly yours,

/s/

Neil B. Checkman

/NBC
enclosures/attachments
cc: A.U.S.A. Emil Bove and Matthew Laroche (By ECF, email and regular mail)
    Mr. Carlos Alberto Valladares Garcia (in person)