UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA,           :
                              Plaintiff,   :
                                                    :      15 Cr. 174-08 (LGS)
                 -against-                :
                                                      :      <u>ORDER</u>
CARLOS ALBERTO VALLEDARES ZUNIGA, :
                                 Defendant,  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 26, 2020, Defendant filed under seal a motion to compel the government to file a Rule 35 Motion to Reduce Sentence. It is hereby

**ORDERED** that the Government shall file under seal any opposition to Defendant's motion, attached hereto, by **April 27, 2020**. It is further

**ORDERED** that the Government shall serve this order and its opposition on Defendant, and file proof of such service, by **April 30, 2020**.

Dated: April 13, 2020
       New York, New York

                                                                  **LORNA G. SCHOFIELD**
                                                      **UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                    CASE No. S-215-CR-174(LGS)

CARLOS ALBERTO VALLADARES GARCIA
        Petitioner


MOTION TO COMPEL THE GOVERNMENT TO FILE A RULE 35 MOTION TO REDUCE SENTENCE

COMES NOW, Carlos Alberto Valladares Garcia (hereinafter petitioner) files the following PRO-SE, motion to compel the government to file a motion to reduce his sentence for substantial assistance to the government pursuant to Fed. Crim. P. 35 (b)(2)(A).


CONCISE ARGUMENT

01. On 04/05/2017, petitioner a Honduranian national voluntarily surrendered to the United States of America in the city of New York for charges brought against him in the cited instant case. Petitioner argues that, He met several times with the government, he provided substantial assistance in the form of relevant information, documented evidence e-mail correspondance and detailed operation of routes of the conspiracy in which he was involved. Counsel for petitioner requested of the government to file a rule 35 (b)(2) motion to reduce plaintiff sentence for substantial assistance, the government refused to do so alleging that they were aware of such information.



1

As relevant here, Fed. R. Crim. P. 35 (b) authorizes a District Court to reduce a sentence. "[u]pon the government motion" after sentencing if the defendant "provided substantial assistance in investigating or prosecuting another person." And also of facts not previously known to the government., 5K1.1 (substantial assistance to authorities). As a matter of comity the government must honor its cooperating agreement, see: UNITED STATES v. REXACH, 896 F. 2d 710, 713 (2nd Cir. 1990). "Cooperating agreements like plea bargains, are interpreted according to principles of contract law, the Court should apply the correct principles as a matter of law. Petitioner substantial assistance in the presentation of substantial assistance into a transnational drug operation. His sentence should be reduced to time served and the government as a matter of fundamental fairness should be compelled to file such a motion. Petitioner was involved in a serious crime and his assistance in the drug investigation was highly significant and exposed him to a substantial risk. Thus, a reduction of his sentence is therefore appropiate.

02. Petitioner argues that, 18 U.S.C.S. 3582 (c) and Fed. R. Crim. P. 35 governed modifications, and neither limited the Courts discretion in this regard, UNITED STATES v. MEDJUCK, 222 F.R.D. 399; 2004 U.S. Dist. LEXIS 12589. (U.S. Dist. C. Cali.). Petitioner's "voluntary surrender" to authorities, promptly after learning of the accosation the timelessness of his conduct in manifesting the acceptance of responsability, U.S.S.G. manual 3 E1.1, cmt. 1 (A)-(H). When acting on a Fed. Crim. P. 35 (b) motion, a Court has authority under rule 35 (b)(4) and 18 U.S.C.S. 3582 (c)(1)(B) to depart below the mandatory minimun sentence even when the government does not file a motion under, 18 U.S.C.S. 3553(e). The current language of rule 35 (b)(1) provided that substantial assistance triggered the Courts ability to reduce a sentence but it did not limit the factors that a Court could consider in deciding the extent of the reduction, see: UNITED STATES v. TOGSUN PARK, 533 F. Supp. 2d 474 (S.D.N.Y. 2008). Rule 35(b) does not prohibit the consideration of 18 U.S.C.S. 3553(a) factors in deciding what a defendant sentence should be reduced for substantial assistance.

03. Petitioner argues that, although the government had stated that they knew of the information much of which involved personal and extraterritorial conduct were used against him and others, in

his plea colloquey the government elaborated about relevant conducts of petitioner that were used against him to increase his punishment, which is prohibited by U.S.S.G. 1B1.8(1). Thus it is only appropiate that the District Court compell the government to comply with the principles of contract law., UNITED STATES v. KENT, 821 F. 3d 362, 368 (2nd Cir. 2016), and file a motion pursuant to Fed. R. Crim. P. 35(b) to reduce petitioner's sentence.

Respectfully Submitted this day:
By: Carlos Alberto Valladares Garcia
Reg. No. 75794-054
OAKDALE FCI II
P.O. BOX 5010
OAKDALE, LA. 71463

Signature: _[signature]_