UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
   UNITED STATES OF AMERICA,

                                                     15 Crim. 174-08 (LGS)

              -against-                         ORDER

   CARLOS ALBERTO VALLADARES ZUNIGA,
                              Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on April 24, 2018, Defendant pleaded guilty to (i) conspiracy to import, manufacture and distribute cocaine and (ii) conspiracy to use and carry firearms during and in relation, and to possessing firearms in furtherance of, a drug trafficking offense.  On September 27, 2018, Defendant was sentenced principally to a custodial term of 168 months to run concurrently on both counts.

       WHEREAS, on November 21, 2023, Defendant filed a motion for a sentence reduction (the "Motion") pursuant to (1) Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively; and (2) 18 U.S.C. § 3582(c), as modified by the First Step Act.

       WHEREAS, on December 13, 2023, the Probation Department issued a Supplemental Presentence Investigation Report ("Supplemental PSR"), which concludes that Defendant appears to be ineligible for an adjustment of his Guidelines range based on Amendment 821.

       WHEREAS, on February 12, 2024, this Court granted Defendant's October 23, 2024, motion to supplement his pending motion pursuant to 18 U.S.C. § 3582(c).  (Dkt. Nos. 611 and 617).

WHEREAS, on April 3, 2025, the Government filed its response in opposition to the Motion.  (Dkt. No. 622).

WHEREAS, Defendant is ineligible for a "status point reduction" under the changes to U.S.S.G. § 4A1.1 because he did not receive an enhancement for committing these offenses while under a criminal justice sentence.

WHEREAS, Defendant does not meet the criteria to qualify for a "zero-point" offender offense level reduction pursuant to U.S.S.G. § 4C1.1 because Defendant possessed a firearm in connection with the offense, which disqualifies him from the reduction under U.S.S.G. § 4C1.1(a)(7).

WHEREAS, the Court has considered the record in this case and agrees with the Supplemental PSR that Defendant is ineligible for an adjustment of his Guidelines range based on Amendment 821.

WHEREAS, the Motion also seeks sentence reduction pursuant to 18 U.S.C. § 3582(c). To grant relief under this provision, (1) "an inmate must exhaust administrative remedies by requesting such relief from prison authorities," (2) "a court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," and (3) the court must make a "finding that extraordinary and compelling reasons warrant such a reduction." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

WHEREAS, Defendant did not exhaust his administrative remedies.  Defendant did not assert that he filed any request with the warden of Defendant's facility and the facility confirmed that it has received no such request.  Exhaustion of administrative remedies is a threshold requirement for the sentence reduction and has not been satisfied.

WHEREAS, even if he had exhausted administrative remedies, Defendant has not established an extraordinary and compelling reason that warrants sentence reduction. Defendant argued that (1) the resentencing of Fabio Lobo, his co-defendant, results in unjustified sentencing disparity and (2) he has made significant progress in rehabilitation. The difference between Defendant's sentence of 168 months and Lobo's sentence of approximately seven years, reduced from 288 months, does not warrant a sentence reduction due to Lobo's substantial assistance to the Government. *See United States v. Fernandez*, 104 F.4th 420, 428 (2d Cir. 2024) (holding that a sentencing disparity can be reasonably attributed to "varying degrees of culpability and cooperation between the various defendants"). Defendant's rehabilitation progress, while commendable, is insufficient because "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *United States v. Brooker*, 976 F.3d 228, 234, 238 (2d Cir. 2020). It is hereby

**ORDERED** that Defendant's motion for a reduction of sentence is **DENIED.**

The Clerk of the Court is respectfully directed to terminate the motion at Dkt. No. 597, and to mail a copy of this Order to Defendant at the following address.

>   Carlos Alberto Valladares Garcia (Reg. No. 75974-054)
>   FMC Lexington
>   Federal Medical Center
>   P.O. Box 14500
>   Lexington, KY   40512

Dated: April 10, 2025
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**

3